UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KELLY M. BRENEISEN and DANIEL BRENEISEN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTRYSIDE CHEVROLET/BUICK/ GMC, INC.<br><br>    Defendants. | Case No.: 1:20-cv-02867 |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR WANT OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

NOW COMES the Defendant **COUNTRYSIDE CHEVROLET/BUICK/GMC, INC.,** by its attorneys, SmithAmundsen LLC, and in support of its Motion to Dismiss Plaintiff's Complaint states:

**INTRODUCTION**

Plaintiffs Kelly Breneisen and Daniel Breneisen initially filed suit in the Northern District of Illinois Eastern Division on May 13, 2020. On March 15, 2021, the Northern District dismissed Plaintiff's Complaint without prejudice under Federal Rule of Civil Procedure 12(b)(2), with leave to file an amended Complaint by March 29, 2021. *See generally* Court Order (attached as **Exhibit 3**). Because their case was dismissed, Plaintiffs filed a new Complaint in this Court on March 31, 2021. *See generally* Comp. (attached as **Exhibit 1**).

Plaintiffs allege the same facts and claims in their first Complaint as they do in the present lawsuit. Plaintiffs allege that they are Illinois residents and that they found a vehicle on Defendant Countryside Chevrolet/Buick/GMC, Inc.'s website. Compl. ¶¶ 5; 8. Countryside is a

1

car dealership incorporated under the laws of the state of Minnesota, with its principal place of business located in Beaver Dam, Wisconsin. *See* Keith Ghanian Affidavit (attached as **Exhibit 2)**.

Plaintiffs allege that they visited Countryside's dealership in Wisconsin to inspect and test-drive the vehicle. Compl. ¶ 9. After doing so, they allegedly wanted to proceed with the purchase of the vehicle, told the salesman they would be paying cash, and asked that the dealership not conduct a credit check. *Id*. ¶¶ 11; 13; 17. Plaintiffs ultimately advised Defendants that they wanted to complete the purchase by paying for the vehicle with a cashier's check. *Id.* at ¶ 21.

For various reasons, the sale ultimately did not proceed. *Id*. ¶ 25. Plaintiffs later received a letter from Countryside on July 18, 2018 indicating that it had accessed Plaintiffs' Experian and Trans Union credit reports. *Id*. ¶ 27. Plaintiffs allege that Countryside's "hard inquiry" into Plaintiffs' credit reports adversely affected their credit and Countryside obtained their sensitive personal information without authorization, under false pretenses, and in violation of 15 U.S.C. § 1681. *Id*. ¶¶ 36; 38; 47; 68, 69. Plaintiffs also allege that Countryside's unauthorized credit check caused them anxiety, distress, and mental anguish. *Id*. ¶ 40.

## LEGAL STANDARDS

### Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject-matter jurisdiction. *Bilgo v. United States Postal Serv.*, No. 20-CV-606-SCD, 2020 WL 3470252, at *1–2 (E.D. Wis. June 25, 2020). "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (citing *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996)). In reviewing a motion to dismiss for lack of subject-matter jurisdiction, courts must "accept as true the well pleaded factual

allegations, drawing all reasonable inferences in favor of the plaintiff." *Ctr. for Dermatology*, 770 F.3d at 588 (citing *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 1996)). Nevertheless, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology*, 770 F.3d at 588–89 (citing *Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir. 1987)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Bilgo*, 2020 WL 3470252, at *1–2 (citing *Zemeckis v. Global Credit & Collect. Corp.*, 679 F.3d 632, 634–35 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009))). "A claim satisfies this pleading standard when its factual allegations 'raise a right to relief above the speculative level.'" *Zemeckis*, 679 F.3d at 635 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). When analyzing a motion to dismiss pursuant to Rule 12(b)(6), courts must "take the facts from the complaint, accept them as true, and draw reasonable inferences in favor of the plaintiff[ ]." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 908 (7th Cir. 2013) (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012)).

## **ARGUMENT**

**I.   Plaintiffs' claims are time barred because they were filed outside the applicable two year statute of limitations.**

Plaintiffs' claims should be dismissed because they were filed outside the applicable statute of limitation under the Fair Credit Reporting Act ("FCRA") and therefore Plaintiffs have no subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Fed. R. Civ. P. 12(b)(1) allows the Court to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12. The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for their claims. *Babchuk v. Indiana Univ. Health, Inc.*, 299 F.R.D. 591, 592 (S.D. Ind. 2014).

The FCRA has a Statute of Limitations of five years from the date of the alleged violation or two years from the date a party discovers the violation, whichever is earlier. 15 USCS § 1681p. So, in certain instances, as will be detailed below, claims brought under the FCRA have a two-year statute of limitations. *Ben-Hur, D.V.M. v. Equifax Info. Servs.*, 976 F. Supp. 795, 801, 1997 U.S. Dist. LEXIS 13776, 18. 15 U.S.C. § 1681p provides that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 USCS § 1681p. Accordingly, the two year period set forth in FCRA begins to run not on the date of the violation, but on the date that the plaintiff discovers the violation.

In this case, the two year standard applies because Plaintiffs discovered the alleged violation when they received a letter from Countryside on July 18, 2018 indicating that it had accessed Plaintiffs' Experian and Trans Union credit reports. Compl. at ¶ 27. The fact that Plaintiffs' first action was timely filed on May 13, 2020 in Illinois, is of no consequence because that case was dismissed. *See generally* Court Order. The present lawsuit is new, and should be dismissed because it was filed on March 31, 2021, which is far more than the two years permitted

under the FCRA statute of limitations. Therefore, Defendants' Motion to Dismiss should be granted because Plaintiffs brought this case outside the applicable statute of limitations.

In the case *Vladoff*, the Court held that Plaintiff made an obvious and fundamental error when he filed his suit in Illinois rather than Indiana. *Vladoff v. Chaplin*, No. 04 C 5872, 2005 WL 1651172, at *3 (N.D. Ill. July 1, 2005). In this case, Defendants were Indiana residents, who are not alleged to have any contact with Illinois, and Plaintiff was injured at their Indiana home. *Id.* Because of this, the Court stated that Plaintiff should have known that the Court could not exercise personal jurisdiction over them. *Id.* Because the Court stated that Plaintiff's decision to file suit in Illinois, rather than Indiana, was wholly unreasonable, the Court exercised its discretion to dismiss the case rather than have it transferred. *Id.* Here, the Court stated that while "[d]ismissal may seem harsh…as our court of appeals has noted, 'the proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one.'" *Id.* Further, the Court held that "Plaintiffs…must determine where [they] can get personal jurisdiction over the defendant before, not after, the statute of limitations runs." *Id.* If they fail to do so, the Court will not "subordinate the interests of future defendants and the courts in competent choices of venue to the interests of the present plaintiffs in escaping the costs of their counsel's mistakes." *Id.*

As in *Vladoff*, it is clear that Plaintiffs' Complaint should be dismissed because it was dismissed rather than transferred to the proper venue, resulting in Plaintiffs having to file a new lawsuit in a new venue. Plaintiffs filed their case in the improper venue of Illinois rather than Wisconsin, so dismissal was proper. Dismissal and refiling of a Complaint, rather than it being transferred, means that the Plaintiff's matter was filed as a new lawsuit, and therefore falls outside the two year statute of limitations.

5

For these reasons, and because Plaintiffs' case was dismissed in Illinois rather than transferred to Wisconsin federal court, Plaintiffs case is time barred under the FCRA statute of limitations. Plaintiffs' case is a new matter that falls outside the FCRA statute of limitations and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as Plaintiffs have no subject matter jurisdiction.

II. **Defendants had a permissible purpose for running Plaintiffs credit check and therefore Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6).**

Plaintiffs' claim should be dismissed because Defendants' had a permissible purpose under the FCRA to run Plaintiffs' credit report, and Plaintiffs' have therefore failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 12(b)(6) states that a failure to state a claim upon which relief can be granted should result in a claim being dismissed. Fed. R. Civ. P. 12. As long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA. *See generally James v. Interstate Credit Collection, Inc.*, No. CIV.A. 03-CV-1037, 2005 WL 1017819, at *1–2 (E.D. Pa. Apr. 28, 2005). The permissible purposes portion of the FCRA provides that a consumer report may be obtained by a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A); *see also Galligan v. Commonwealth Mortg. Assur. Co.*, No. CIV. A. 93-3129, 1994 WL 263351 (E.D. Pa. June 14, 1994*)* (noting that the language "in connection with" is broad in scope). The permissible purposes portion of the FCRA also provides that a consumer report may be obtained by a person who "otherwise has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F)(i).

15 U.S.C. § 1681b(a)(3)(F) provides that credit reporting agency may permissibly furnish a consumer report to a person which it has reason to believe "has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F). Section 1681b(a)(3)(A) requires "that the entity must be engaged in a credit transaction in which the consumer is participating." Section 1681b(a)(3)(A). "An entity may rely on [section 1681b(a)(3)(A)] only if the consumer initiates the transaction. A third party cannot troll for reports, nor can it request a report on a whim. Rather, there must be a direct link between a consumer's search for credit and the entity's credit report request. *See Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005).

A 1998 FTC Letter provides guidance that directly relates to 15 U.S.C. § 1681b(a)(3)(A). Importantly, the Letter states:

> For example, a [car] dealer may obtain a report [under 15 U.S.C. § 1681b(a)(3)(A)], if one is necessary, in order to arrange financing requested by the consumer. The dealer may also obtain a report to check a consumer's creditworthiness when the consumer presents a personal check to pay for the vehicle. By contrast, a permissible purpose would not arise if a consumer intends to pay by cash. FTC, *40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations* 45 (2011) (emphasis added).

In this case, Defendants had a legitimate business need for obtaining Plaintiffs' credit reports because Plaintiffs advised Defendants that they wanted to complete their transaction and take delivery of the car in exchange for a check, be it a personal check or a cashier's check.[1] It is important to note that Plaintiffs' have conceded that they wanted to buy the car from Defendants with a cashier's check. Compl. ¶¶ 11, 12, 21. Because Plaintiffs attest to the fact that

---

[1] A Florida man recently made nationwide headlines because a dealership allowed him to take delivery of a $140,000.00 Porsche in exchange for a forged cashier's check he printed from his home computer. *See* https://www.foxbusiness.com/lifestyle/man-buys-porsche-with-check-printed-from-home-computer.

7

they wanted to purchase the car with a check, Defendants were permitted to run a report under 15 U.S.C. § 1681b(a)(3)(A). Because dealers may also obtain a report to check a consumer's creditworthiness when the consumer presents a check to pay for the vehicle, Defendants had a permissible purpose to run Plaintiffs' credit report. Because Defendants therefore had a permissible business purpose to run Plaintiffs' credit report under the FCRA, Plaintiffs have failed to state a claim upon which relief can be granted may be granted under Fed. R. Civ. P. 12(b)(6).

Defendants Motion to Dismiss should be granted because they had a permissible purpose under the FCRA to run Plaintiffs' credit report and Plaintiffs' have therefore failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

The Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because Plaintiffs have no subject matter jurisdiction in this matter and have failed to state a claim upon which relief can be granted First, because Plaintiffs' case was dismissed in Illinois rather than transferred to Wisconsin federal court, Plaintiffs' case is a new matter that therefore falls outside the FCRA statute of limitations and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Second, Defendants Motion to Dismiss should be granted because they had a permissible purpose under the FCRA to run Plaintiffs' credit report and Plaintiffs' have therefore failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

For these reasons, Defendant, Countryside Chevrolet/Buick/GMC, Inc. respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint at Law pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and for any other relief this Court finds fair and just.

>
> Respectfully Submitted,
> SmithAmundsen LLC
>
> By: /s/ Jamie S. Lane
> JAMIE S. LANE
> SmithAmundsen LLC
> 150 North Michigan Avenue, Suite 3300
> Chicago, IL 60601
> (312) 894-3200
> (312) 894-3210 (fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 1st day of June, 2021, he served **Defendant's Motion to Dismiss Plaintiff's Class Action Complaint for Want of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** on All Attorneys of Record:

>Mr. Mohammed O. Badwan
>Mr. Joseph S. Davidson
>Mr. Victor T. Metroff
>Sulaiman Law Group, Ltd.
>2500 S. Highland Avenue, Suite 200
>Lombard, IL 60148
>Email: mbadwan@sulaimanlaw.com
>Jdavidson@sulaimanlaw.com
>vmetroff@sulaimanlaw.com

These pleadings were served upon the attorneys as listed above, pursuant to the Eastern District of Wisconsin's Order on Electronic Case Filing.

[x]  Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on June 1, 2021.

/s/ Jamie S. Lane

Jamie S. Lane, ARDC #6207245
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Molly Koenig, Wisconsin Bar No. 1123205
SMITH AMUNDSEN LLC
330 East Kilbourn Avenue, Suite 1100, Tower 1
Milwaukee WI 53202-3170
(414) 847-6134