UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KELLY M. BRENEISEN and DANIEL BRENEISEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYSIDE CHEVROLET/BUICK/GMC, INC.,<br><br>Defendant. | Case No.: 2:21-cv-00412-LA<br><br><br>Honorable Judge Lynn Adelman |

## JOINT RULE 26(f) REPORT

The counsel identified below participated in a meeting required by the Federal Rules of Civil Procedure 26(f) via telephone/email and jointly prepared the following report. The Rule 16 telephonic scheduling conference for this matter is scheduled to occur on February 23, 2022 at 10:00 a.m. CST before the Honorable Chief Judge Lynn Adelman. Mohammed O. Badwan will appear telephonically for Plaintiff. Jamie Lane will appear telephonically for Defendant.

1. **Nature of the Case:** Plaintiffs bring this class action seeking redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Specifically, Plaintiffs alleged that Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiffs' Experian and Trans Union credit reports without Plaintiffs' authorization and without a permissible purpose enumerated in the FCRA. Plaintiffs seek to represent the following putative class.

    All persons within the United States (1) who have had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Equifax, Experian, and/or Trans Union; and (4) in which Defendant did not have a permissible purpose enumerated in the Fair Credit Reporting Act to access

1

such person's consumer credit report(s), including any persons who purchased or intended to purchase a car from Defendant without financing.

2. **Possibility of Settlement:** Defendant has not expressed any interest in settling this case. Plaintiffs will make a class-wide demand upon request.

3. **Motions:** There are currently no pending motions before the Court. The Court denied Defendant's Motion to Dismiss on December 1, 2021 [Dkt. 16].

4. **Amendment to the Pleadings and Joining Parties:** The parties propose a deadline of July 30, 2022 to bring any motion to amend the pleadings or join additional parties.

5. **Initial Disclosures:** The parties agree to exchange Initial Disclosures on or before March 9, 2022.

6. **Length of Trial:** If a class is certified, the parties anticipate that a trial would take 4 days. If a class is not certified, the parties anticipate a trial to take 2 days.

7. **Electronically stored information:** The parties have agreed to produce ESI in .pdf format.

8. **Confidentiality:** Defendant will be seeking a protective order.

9. **Orders:** The parties do not contemplate any additional orders at this time aside from the Scheduling Order.

10. **Discovery Plan:** The parties anticipate that all discovery can be completed by November 30, 2022.

    a. Subjects on which discovery may be needed: Discovery will focus on (1) the reason Defendant accessed Plaintiffs' credit reports, (2) whether such reason/purpose is prohibited by the FCRA; (3) number of similarly situated individuals as defined above; and (4) the identities of such individuals.

    b. The parties anticipate that discovery may include interrogatories, requests for

production of documents, requests for admission, third-party subpoenas, party depositions, lay witness depositions, third-party depositions.

    c. The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules.

    d. Expert Discovery: The parties do not anticipate that expert discovery will be needed.

**11. Dispositive Motions:** On or before January 31, 2023, the parties may file dispositive motions. The time for filing response and reply briefs will be pursuant to local rules.

**12. Expert Disclosure Deadlines:**

    a. August 31, 2022: Plaintiff to disclose retained experts and opinions.

    b. September 30, 2022: Plaintiff's retained experts to be produced for deposition.

    c. October 31, 2022: Defendant to disclose retained experts and opinions.

    d. November 30, 2022: Defendants retained experts to be produced for deposition.

Dated: February 8, 2022

| | |
|---|---|
| By: */s/ Mohammed O. Badwan*<br>Mohammed O. Badwan, Esq.<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave, Suite 200<br>Lombard, Illinois 60148<br>(630) 575-8180<br>mbadwan@sulaimanlaw.com<br>*Counsel for Plaintiff* | By: *s/ Jamie S. Lane*<br>Jamie S. Lane, Esq.<br>SmithAmundsen LLC<br>150 North Michigan Avenue<br>Suite 3300<br>Chicago, Illinois 60601<br>Office: (312) 894-3334<br>Cell: (630)788-6733<br>jlane@salawus.com<br><br>By: */s/ Molly Koenig*<br>Molly Koenig, Esq.<br>SmithAmundsen LLC<br>330 E. Kilbourn Avenue<br>Suite 1100, Tower 1<br>Milwaukee, WI 53202<br>Tel: 414-847-6134<br>Email: mkoenig@salawus.com |

3

*Counsel for Defendant*